**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Agustin Sicairos-Acosta,<br><br>　　　　Petitioner,<br><br>vs.<br><br>United States of America,<br><br>　　　　Respondent. | CASE NO.  CV-05-612-TUC-FRZ<br>　　　　　　CR-04-493-TUC-FRZ<br><br>**ORDER** |

Pending before the Court is Petitioner's October 11, 2005 "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255)." The Court will dismiss the motion without prejudice because the Court lacks subject matter jurisdiction over this second habeas petition.

**Background**

Petitioner entered a plea of guilty to Count One of the Indictment, which charged him with conspiracy to possess with the intent to distribute cocaine, and Count Three of the Indictment, which charged him with conspiracy to possess with the intent to distribute methamphetamine. The Court imposed a sentence of sixty months on each count, to be served concurrently.

After Petitioner was sentenced in this case, Petitioner filed a "Motion for Time Reduction by an Inmate in Federal Cus[t]ody (28 U.S.C. Section 2255)" on December 14,

2004. On December 28, 2004, the Court issued an Order in which it concluded that Petitioner had waived in his plea agreement his claim for a sentence reduction and that, alternatively, his claim lacked merit under existing Ninth Circuit case law. The Court denied the § 2255 habeas petition and dismissed the case (CV-04-693-TUC-FRZ).

On October 11, 2005, Petitioner filed the current § 2255 habeas petition in which he seeks a modification of his sentence because his attorney was ineffective by failing to "object to improper conclusions of Guidelines" because Petitioner was "not the leader of the enterprise, nor was he the one that commenced the action" and by failing to "file appeal/Booker issues." He also contends that "[t]he Court abused its discretion in enhancing the sentence with[out] the finds [sic] of Jury."

**Discussion**

Under 28 U.S.C. §§ 2255 and 2244(b)(3), a petitioner may not file a second or successive § 2255 habeas petition in the district court unless the petitioner has obtained a certification from the Ninth Circuit Court of Appeals authorizing the district court to consider the second habeas petition.

The Court already rejected Petitioner's first § 2255 habeas petition. Petitioner's current petition, therefore, is his second § 2255 habeas petition. Petitioner has failed to obtain permission from the Ninth Circuit before filing this second § 2255 habeas petition. Therefore, the Court lacks subject matter jurisdiction over the second § 2255 habeas petition and must dismiss it. *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (concluding that district court lacked jurisdiction to consider second § 2255 petition when petitioner had failed to request certification from appellate court prior to filing the second § 2255 petition in the district court); *United States v. Alvarez-Ramirez*, 128 F. Supp. 2d 1265, 1267 (C.D. Cal. 2001) (dismissing second § 2255 petition for lack of subject matter jurisdiction because petitioner failed to obtain Ninth Circuit certification). The Court, however, will dismiss the case without prejudice so that Petitioner can seek certification from the Ninth Circuit Court of Appeals to file a second or successive § 2255 habeas petition.

Pursuant to Ninth Circuit Rule 22-3(a), the Court will direct the Clerk of the Court to refer Petitioner's second § 2255 habeas petition to the Ninth Circuit Court of Appeals. Moreover, as a courtesy to Petitioner, the Court will direct the Clerk of the Court to provide Petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

**Conclusion**

In light of the foregoing,

**IT IS ORDERED** that Petitioner's October 11, 2005 "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255)" (U.S.D.C. document #53 in CR-04-493-TUC-FRZ) and this action (CV-05-612-TUC-FRZ) are **DISMISSED WITHOUT PREJUDICE** to allow Petitioner to seek certification from the Ninth Circuit Court of Appeals to file a second or successive petition.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SEND** a copy of this Order and Petitioner's October 11, 2005 "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 U.S.C. § 2255)" (U.S.D.C. document #53 in CR-04-493-TUC-FRZ) to the **Ninth Circuit Court of Appeals**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of this Order on **Petitioner** and **SHALL PROVIDE** Petitioner with a form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of this Order and Petitioner's October 11, 2005 "Motion to Vacate, Set Aside, or Correct

1 | Sentence by a Person in Federal Custody (28 U.S.C. § 2255)"  (U.S.D.C. document #53 in
2 | CR-04-493-TUC-FRZ) on **Respondent**.

4 |   DATED this 31st day of October, 2005.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge